**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04098-NYW

ELEAZAR SANCHEZ MIRAVETE, by next friend JONATHAN SANCHEZ ARREOLA,

Petitioner,

v.

WARDEN, AURORA ICE PROCESSING CENTER,

Respondent.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). [Doc. 4]. The Petition challenges the detention of Eleazar Sanchez Miravete. *See* [*id.*]. It is brought by next friend Jonathan Sanchez Arreola, Mr. Sanchez Miravete's son. *See* [*id.* at 1, 7].[1]

Under 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "next

[1] The Court notes that this is the second habeas petition brought by Mr. Sanchez Miravete. In May 2026, Mr. Sanchez Miravete initiated a separate habeas proceeding pro se. *See Sanchez Miravete v. Baltazar*, No. 26-cv-01987-NYW (D. Colo. May 7, 2026). This Court granted Mr. Sanchez Miravete's habeas petition and ordered that he be provided a bond hearing. *See Sanchez-Miravete v. Baltazar*, No. 26-cv-01987-NYW, 2026 WL 1893224 (D. Colo. July 1, 2026).

friend" status is not granted automatically. *Id.* The prospective next friend must meet "two firmly rooted prerequisites": first, the next friend "must provide an adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* And second, the next friend "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.*

The Petition states that, due to his detention, Mr. Sanchez Miravete "has limited ability to prepare, obtain, organize, and submit the documents necessary to pursue this federal Habeas Corpus proceeding on his own." [Doc. 4 at 7]. However, the Court respectfully concludes that this is not sufficient to demonstrate that Mr. Sanchez Miravete cannot file his habeas petition himself. The Court understands that Mr. Sanchez Miravete's detention likely significantly hinders his ability to prepare and file his own habeas petition, but that difficulty alone is not enough to grant next-friend status. "Every habeas corpus action necessarily involves a petitioner who is 'in custody,'" and "if detention alone was sufficient, then *Whitmore*'s limitations on next-friend status would be rendered meaningless." *Garcia v. Warden of Diamondback Corr. Facility*, No. 26-cv-00710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026); *see also Mesias v. Garland*, No. 3:26-cv-00086-DJN, 2026 WL 383795, at *1 (E.D. Va. Feb. 11, 2026) ("The simple fact that Petitioner is detained is insufficient to show that Petitioner cannot appear on his own behalf to prosecute the action."); *Du v. Warden*, No. 5:26-cv-01587, 2026 WL 2944938, at *2 (S.D. Tex. Sept. 30, 2026) (concluding that "inaccessibility of legal resources" is not an adequate reason for next-friend status). Indeed, the District of Colorado has received hundreds of pro se habeas petitions from ICE detainees in the past year—including from Mr. Sanchez Miravete—which demonstrates that detention

(and the administrative hurdles that come with it) is not enough to render Mr. Sanchez Miravete eligible to have someone file the Petition on his behalf.

Furthermore, even if Mr. Sanchez Arreola had met the requirements for next-friend status, he "would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves." *Cheema v. Warden*, No. 1:26-cv-00203-DC-DMC-HC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026); *see also Vargas v. U.S. Immigr. and Customs Enf't*, No. 26-cv-12421-CCC, 2026 WL 2973344, at *1 (D.N.J. Oct. 2, 2026) (ruling the same); *cf. Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that parent could not bring suit as next friend of minor children unless they were represented by an attorney). Mr. Sanchez Arreola cannot pursue a habeas petition as Mr. Sanchez Miravete's next friend without an attorney.

Accordingly, Mr. Sanchez Miravete is **ORDERED** to **SHOW CAUSE**, on or before **October 27, 2026**, why Mr. Sanchez Arreola should be permitted next-friend status. If Mr. Sanchez Miravete continues to seek next-friend status for Mr. Sanchez Arreola, Mr. Sanchez Arreola must secure counsel by that date, too. In the alternative, if Mr. Sanchez Miravete no longer wishes to seek next-friend status for Mr. Sanchez Arreola, Mr. Sanchez Miravete **SHALL FILE** an amended habeas petition, that he signs on his own behalf, no later than **October 27, 2026**. If Mr. Sanchez Miravete does not (1) show good cause for Mr. Sanchez Arreola's next-friend status and show that Mr. Sanchez Arreola has secured counsel; or (2) file an amended habeas petition signed on his own behalf, **the Court will deny the Petition without prejudice for lack of jurisdiction on the basis that Mr. Sanchez Arreola lacks standing.**

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) On or before **October 27, 2026**, Mr. Sanchez Miravete must either (1) show good cause for Mr. Sanchez Arreola's next-friend status and show that Mr. Sanchez Arreola has secured counsel; or (2) file an amended habeas petition that he signs on his own behalf; and

(2) A copy of this Order shall be sent to:

Eleazar Sanchez Miravete
#A232453756
ICE Aurora Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

DATED: October 6, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge